IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT E. SHEPHERD,**

    **Petitioner,**

    v.                                                         **CASE NO. 22-3080-JWL**

**DONALD HUDSON, Warden,**
**USP-Leavenworth,**

    **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner is in federal custody at USP-Leavenworth in Leavenworth, Kansas ("USPL"). This case was transferred to this Court from the Western District of Missouri on April 19, 2022. The Court provisionally grants Petitioner leave to proceed in forma pauperis. The Court has screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and dismisses this action without prejudice for lack of statutory jurisdiction.

**Background**

Petitioner pleaded guilty to Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2), in the United States District Court for the Western District of Missouri. *United States v. Shepherd*, Case No. 4:20-cr-00239-BP, Doc. 56 (W.D. Mo. March 23, 2022). On March 23, 2022, Petitioner was sentenced to 37 months' imprisonment and three years of supervised release. *Id*.

On April 11, 2022, Petitioner filed the instant Petition under § 2241 in the Western District of Missouri. Because Petitioner titled his pleading as a § 2241 petition and Petitioner is incarcerated at USPL, the case was transferred to this Court on April 19, 2022.

Petitioner claims that his plea agreement did not waive his right to appeal to challenge the

constitutionality of the statute of conviction. Petitioner alleges that he is questioning the government's power to constitutionally prosecute him under *Class v. United States*, 138 S. Ct. 798 (2018). [1] Petitioner also challenges the sentencing court's personal and subject matter jurisdiction.

**Analysis**

The Court must first determine whether § 2241 was the proper vehicle to bring Petitioner's claims. Because "that issue impacts the court's statutory jurisdiction, it is a threshold matter." *Sandlain v. English*, 2017 WL 4479370 (10th Cir. Oct. 5, 2017) (unpublished) (finding that whether *Mathis* is retroactive goes to the merits and the court must first decide whether § 2241 is the proper vehicle to bring the claim) (citing *Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013)).

The issue in *Class* regarding the right to raise the issue of the constitutionality of the statute of conviction on appeal after a guilty plea, was raised on direct appeal from the conviction, and was finally addressed by the Supreme Court after granting a petition for certiorari. *See Class*, 138 S. Ct. at 802–03. Nothing in *Class* suggests the issue should be raised in a § 2241 petition prior to a direct appeal.

Petitioner's claim that his sentencing court lacked jurisdiction is an attack on the validity of that conviction and sentence. "A prisoner may petition under 28 U.S.C. § 2241 to attack the execution of a sentence rather than its validity." *Manni v. English*, 727 F. App'x 530, 532 (10th Cir. 2018) (unpublished) (citing *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011)); *see also Eldridge v. Oliver*, No. 15–cv–02503–GPG, 2016 WL 815354, at *2 (D. Colo. March 2, 2016) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("Where the alleged errors

---

[1] The Supreme Court in *Class* found that a guilty plea does not, by itself, bar a defendant from challenging the constitutionality of the statute of conviction on direct appeal. *Class*, 138 S. Ct. at 801–02.

occurred at or prior to sentencing, the appropriate remedy is § 2254 and not § 2241")).

A federal prisoner seeking release from allegedly illegal confinement may file a motion to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A motion under § 2255 must be filed in the district where the petitioner was convicted and sentence imposed. *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010). Generally, the motion remedy under 28 U.S.C. § 2255 provides "the only means to challenge the validity of a federal conviction following the conclusion of direct appeal." *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016), *cert. denied sub nom. Hale v. Julian*, 137 S. Ct. 641 (2017). However, under the "savings clause" in § 2255(e), a federal prisoner may file an application for habeas corpus under 28 U.S.C. § 2241 in the district of confinement if the petitioner demonstrates that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Petitioner has not shown a compelling reason that might justify the use of § 2241 to test the legality of his confinement. Section 2255 has been found to be "inadequate or ineffective" only in "extremely limited circumstances." *Abernathy*, 713 F.3d at 547 (citations omitted). "Only in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines*, 609 F.3d at 1073. A petitioner does not present one of these rare instances "simply by asserting his ability to file a § 2255 motion is barred by timing or filing restrictions." *Crawford v. United States*, 650 F. App'x 573, 575 (10th Cir. 2016) (unpublished) (citing *Sines*, 609 F.3d at 1073; *Haynes v. Maye*, 529 F. App'x 907, 910 (10th Cir. 2013) (unpublished) (noting fact that § 2255 motion is time-barred doesn't render § 2255 remedy inadequate or ineffective); *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986) ("It is the inefficacy of the [§ 2255] remedy, not a personal inability to utilize it, that is determinative, and appellant's difficulty here is simply that his circumstances preclude him from invoking it.").

The Tenth Circuit has held that "it is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative. To invoke the savings clause, there must be something about the initial § 2255 procedure that *itself* is inadequate or ineffective for *testing* a challenge to detention." *Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011) (stating that "the fact that Mr. Prost or his counsel may not have *thought* of a *Santos*-type argument earlier doesn't speak to the relevant question whether § 2255 *itself* provided him with an adequate and effective remedial mechanism for testing such an argument"). "The savings clause doesn't guarantee results, only process," and "the possibility of an erroneous result—the denial of relief that should have been granted—does not render the procedural mechanism Congress provided for bringing that claim (whether it be 28 U.S.C. §§ 1331, 1332, 2201, 2255, or otherwise) an inadequate or ineffective *remedial vehicle* for *testing* its merits within the plain meaning of the savings clause." *Id*. (emphasis in original).

In *Jones v. Warden, USP-Leavenworth*, the Tenth Circuit held that an intervening change in how a provision is interpreted does not render § 2255 inadequate or ineffective, and "the existence of an appellate waiver in a plea agreement which prohibits an appellate court from considering the issue in a § 2255 motion does not render § 2255 an inadequate or ineffective vehicle." *Jones v. Warden, USP-Leavenworth*, 822 F. App'x 784, 786 (10th Cir. 2020) (unpublished) (citation omitted).

Petitioner has made no attempt to show that the § 2255 remedy is inadequate or ineffective for litigating claims regarding his conviction. The petitioner has the burden to show that the remedy under §2255 is inadequate or ineffective. *Hale*, 829 F.3d at 1179. Petitioner has failed to meet that burden. The Court finds that the savings clause of § 2255(e) does not apply and therefore the Court lacks statutory jurisdiction.

4

**IT IS THEREFORE ORDERED BY THE COURT** that the petition is **dismissed without prejudice**.

**IT IS SO ORDERED**.

**Dated April 21, 2022, in Kansas City, Kansas.**

<u>S/     John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**